# Exhibit A

ANDREW R. GARBARINO, NEW YORK
*CHAIRMAN*

BENNIE G. THOMPSON, MISSISSIPPI
*RANKING MEMBER*




### One Hundred Nineteenth Congress
## Committee on Homeland Security
### U.S. House of Representatives
### Washington, DC 20515

August 29, 2025

The Honorable Marco Rubio
Acting Archivist of the United States
National Archives and Records Administration
Washington, DC 20408

Dear Acting Archivist Rubio:

We write to you today requesting an investigation into whether Kristi Noem, Secretary of the Department of Homeland Security (DHS), and other senior DHS officials[1] may have violated Federal law by willfully destroying Federal records and not reporting the destruction to the National Archives and Records Administration (NARA).[2]

In a July 23, 2025, letter responding to a Freedom of Information Act (FOIA) request filed by American Oversight, DHS admitted that text messages generated after April 9, 2025, had been destroyed: "[T]he Department of Homeland Security (DHS) Privacy Office is unable to conduct a search of text messages, as text message data generated after April 9, 2025, is no longer maintained."[3] In a later statement to *The New York Times*, DHS claimed that it retains text message records and will continue to do so.[4] Nevertheless, DHS did not explain why it wrote otherwise in the July 23 letter or why it could produce no text message records in response to American Oversight's FOIA request.

Given the contradictory statements made by DHS, we ask that NARA open an investigation into this matter. After reviewing the reports and documents referenced herein, and other relevant information that NARA obtains, we request that NARA consult with the Department of Justice if the evidence confirms that Secretary Noem or other DHS officials failed to notify NARA about unlawful destruction of Federal records, in violation of the law.

---

[1] Other senior Department of Homeland Security officials referenced in this letter are listed in Email from Gregory Bridges, *infra* note 3.
[2] *See* 18 U.S.C. § 2071 (concealment, removal, or mutilation of Federal records); 44 U.S.C. § 3106 (unlawful removal, destruction of records).
[3] Email from Gregory Bridges, Dir., Disclosure, Dep't of Homeland Sec., Priv. Off., to Am. Oversight (July 23, 2025), https://www.documentcloud.org/documents/26071792-no-records-response-from-dhs-concerning-text-communications/.
[4] Minho Kim, *Homeland Security Tells Watchdog It Hasn't Kept Text Message Data Since April*, N.Y. TIMES (Aug. 22, 2025), https://www.nytimes.com/2025/08/22/us/politics/homeland-security-foia-text-messages.html.

Ex. A - 1

We look forward to the conclusion of your review and ask that you promptly notify us of the results.

Sincerely,

Bennie G. Thompson
Ranking Member

Shri Thanedar
Ranking Member
Subcommittee on Oversight,
Investigations, and
Accountability

cc:     The Honorable Andrew Garbarino, Chairman
        Committee on Homeland Security

        The Honorable Josh Brecheen, Chairman
        Subcommittee on Oversight, Investigations, and Accountability



August 28, 2025

**VIA CERTIFIED MAIL**

Kristi Noem, Secretary
Office of the Executive Secretary
MS 0525 Department of Homeland Security
2707 Martin Luther King Jr Ave SE
Washington, DC 20528-0525

Re:    **Potential Unlawful Destruction or Removal of USAID Records**

Dear Secretary Noem:

American Oversight writes to bring your attention to the potential unlawful destruction or removal of federal records of the United States Department of Homeland Security ("DHS") in violation of the Federal Records Act ("FRA"), 44 U.S.C. §§ 3101 *et seq.*, and to request that you take action to recover these records and prevent any further destruction. Specifically, DHS appears to have removed or destroyed text messages sent or received after April 9, 2025, and may have also removed or destroyed messages from messaging platforms like Signal, as well as records that reflect such texts or messages. We ask that you (1) take immediate action to preserve and recover any and all such records; (2) notify the Archivist of "any actual, impending, or threatened" unlawful removal, alteration, or destruction of federal records; and (3) initiate an action through the Attorney General to recover all records you have reason to believe were unlawfully removed, as 44 U.S.C. § 3106(a) requires.

On July 31, 2025, American Oversight sent a request to DHS pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for email and text communications sent by certain DHS officials and containing certain key terms. *See* attached Ex. A. DHS Privacy Office responded on August 5, 2025, stating it "is unable to conduct a search of text messages beyond April 9, 2025, as text message data generated after that date is no longer maintained." *See* Ex. B at 2. American Oversight responded on August 6, requesting clarification regarding why text messages generated after April 9, 2025, were no longer being maintained. *See* Ex. C. DHS has not responded to that request for clarification.

On August 21, 2025, American Oversight sent two more FOIA requests to DHS, the first seeking "[r]ecords reflecting" all text messages or messages on messaging platforms, sent or received by certain DHS officials from July 1, 2025, through July 31, 2025, which were "subsequently captured, retained, or preserved on official DHS systems," Ex D. The second seeks all texts and messages from other platforms sent or received by the DHS officials during the same time period. *See* Ex. E. Within less than three hours of sending both requests, we received responses from the DHS Privacy Office which each stated: "Unfortunately, we were



Letter to Secretary Noem
August 28, 2025
Page 2 of 3

unable to locate or identify any responsive records, as DHS no longer has the capability to conduct a search of text messages." Exs. F and G.

American Oversight specifically requested "[r]ecords reflecting" messages "captured, retained, or preserved on official DHS systems" instead of solely the messages themselves in light of DHS's August 5 statement that it was no longer maintaining text message data. *See* Ex. B. Texts and messages from messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter) direct messages, Facebook messages, WhatsApp, Telegram, Parler, Mattermost, Wickr, TeleMessage, TM SGNL, or any app that can interface with an app such as those listed or otherwise borrow its technology)—like all other "recorded information . . . made or received by a Federal agency under Federal law or in connection with the transaction of public business," 44 U.S.C. § 3301(a)(1)(A)—are "federal records" under the FRA. Accordingly, they must be preserved and safeguarded against removal or loss, *see id.* § 2904(c)(1) and § 3105." [1]

As noted in each of the three above-referenced requests, the federal records American Oversight has requested pertain to important work performed by DHS, and American Oversight and the public it serves should have access to those records. We are extremely concerned, not only about the records we have already requested, but going forward, all other post-April 9, 2025 texts that DHS is apparently not preserving or maintaining as required by the FRA. [2]

In light of DHS's apparent admission, *see* Ex. B, that it is not preserving and maintaining these records as required by the FRA, we ask that you take immediate action to preserve and recover any and all texts, messages from messaging platforms, and records reflecting such texts or messages. In addition, the FRA requires you to notify the Archivist of "any actual, impending, or threatened" unlawful removal, alteration, or destruction of federal records, and to initiate an action through the Attorney General to recover those records you have reason to believe were unlawfully removed. 44 U.S.C. § 3106(a). Because the attached correspondence from DHS's Privacy Office provides substantial reason to believe that federal records have been unlawfully removed or destroyed, American Oversight urges you to undertake an enforcement action through the Attorney General to ensure texts and messages from all relevant messaging

---

[1] *See* DHS Policy Directive 141-03, *Electronic Records Management Updates for Chat, Text, and Instant Messaging*, Feb. 23, 2018, https://www.dhs.gov/sites/default/files/2024-06/141-03_policy-directive.pdf ("**The Department must capture and manage [electronic messages] in compliance with Federal records management laws, regulations, and policies.**") (emphasis in original).

[2] On August 25, 2025, DHS reportedly told the New York Times that it "maintained records of text messages and would continue to do so." Minho Kim, *Homeland Security Tells Watchdog It Hasn't Kept Text Message Data Since April*, N.Y. Times (Aug. 24, 2025), https://www.nytimes.com/2025/08/22/us/politics/homeland-security-foia-textmessages.html. However, that statement does not assuage American Oversight's concern, as DHS has neither addressed nor explained the discrepancy between that statement and its responses to American Oversight's requests for "records reflecting" post-April 9, 2025 text messages.

Letter to Secretary Noem
August 28, 2025
Page 3 of 3

platforms are properly preserved so they may be accessed by the public pursuant to FOIA and maintained as documentation of our nations' history.

Please promptly alert American Oversight when you have taken the requested action, at fein.ronald@americanoversight.org.

Sincerely,

*/s/ Ron Fein*

Ron Fein
Chief Counsel
American Oversight

Cc w/enclosed Exhibits A-G: Secretary of State Marco Rubio, Acting Archivist, unauthorizeddisposition@nara.gov

**Ex. A - 5**



August 28, 2025

**VIA EMAIL:**
Marco Rubio, Acting Archivist
The National Archives and Records Administration
8601 Adelphi Rd.
College Park, MD 20740
unauthorizeddisposition@nara.gov

  **Re:**  **Potential Unlawful Destruction or Removal of DHS Records**

Dear Acting Archivist Rubio:

American Oversight writes to bring your attention to the potential unlawful destruction or removal of federal records of the United States Department of Homeland Security ("DHS") in violation of the Federal Records Act ("FRA"), 44 U.S.C. §§ 3101 *et seq.*, and to request that you take action to recover these records and prevent any further destruction. Specifically, DHS appears to have removed or destroyed text messages sent or received after April 9, 2025, and may have also removed or destroyed messages from messaging platforms like Signal, as well as records that reflect such texts or messages. Because the attached correspondence from DHS's Privacy Office provides substantial reason to believe that federal records have been unlawfully removed or destroyed, American Oversight urges you to undertake an enforcement action through the Attorney General to recover all records as 44 U.S.C. § 3106(a) requires.

**Background**

On July 31, 2025, American Oversight sent a request to DHS pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for email and text communications sent by certain DHS officials and containing certain key terms. *See* attached Ex. A. The DHS Privacy Office responded on August 5, 2025, stating it "is unable to conduct a search of text messages beyond April 9, 2025, as text message data generated after that date is no longer maintained." *See* Ex. B at 2. American Oversight responded on August 6, requesting clarification regarding why text messages generated after April 9, 2025, were no longer being maintained. *See* Ex. C. DHS has not responded to that request for clarification.

On August 21, 2025, American Oversight sent two more FOIA requests to DHS, the first seeking "[r]ecords reflecting" all text messages or messages on messaging platforms, sent or received by certain DHS officials from July 1, 2025, through July 31, 2025, which were "subsequently captured, retained, or preserved on official DHS systems," Ex D. The second seeks all texts and messages from other platforms sent or received by the DHS officials during the same time period. *See* Ex. E. Within less than three hours of sending both requests, we received responses from DHS Privacy Office which each stated: "Unfortunately, we were unable to locate or identify any responsive records, as DHS no longer has the capability to conduct a search of text messages." Exs. F and G.



AO Letter to Acting Archivist
August 28, 2025
Page 2 of 2

American Oversight specifically requested "[r]ecords reflecting" messages "captured, retained, or preserved on official DHS systems" instead of solely the messages themselves in light of DHS's August 5 statement that it was no longer maintaining text message data. *See* Ex. B. Texts and messages from messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter) direct messages, Facebook messages, WhatsApp, Telegram, Parler, Mattermost, Wickr, TeleMessage, TM SGNL, or any app that can interface with an app such as those listed or otherwise borrow its technology)—like all other "recorded information . . . made or received by a Federal agency under Federal law or in connection with the transaction of public business," 44 U.S.C. § 3301(a)(1)(A)—are "federal records" under the FRA. Accordingly, they must be preserved and safeguarded against removal or loss, *see id.* § 2904(c)(1) and § 3105." [1]

As noted in each of the three above-referenced requests, the federal records American Oversight has requested pertain to important work performed by DHS, and American Oversight and the public it serves should have access to those records. We are extremely concerned, not only about the records we have already requested, but going forward, all other post-April 9, 2025 texts that DHS is apparently not preserving or maintaining as required by the FRA. [2] In light of DHS's apparent admission, *see* Ex. B, that it is not preserving and maintaining these records as required by the FRA, we ask that you undertake an enforcement action through the Attorney General to ensure DHS texts and messages from all relevant messaging platforms are properly preserved so they may be accessed by the public.

Please promptly alert American Oversight when you have taken the requested action, at fein.ronald@americanoversight.org.

Sincerely,

*/s/ Ron Fein*

Ron Fein
Chief Counsel
American Oversight

---

[1] *See* DHS Policy Directive 141-03, *Electronic Records Management Updates for Chat, Text, and Instant Messaging*, Feb. 23, 2018, https://www.dhs.gov/sites/default/files/2024-06/141-03_policy-directive.pdf ("***The Department must capture and manage [electronic messages] in compliance with Federal records management laws, regulations, and policies.***") (emphasis in original).

[2] On August 25, 2025, DHS reportedly told the New York Times that it "maintained records of text messages and would continue to do so." Minho Kim, *Homeland Security Tells Watchdog It Hasn't Kept Text Message Data Since April*, N.Y. Times (Aug. 24, 2025), https://www.nytimes.com/2025/08/22/us/politics/homeland-security-foia-textmessages.html. However, that statement does not assuage American Oversight's concern, as DHS has neither addressed nor explained the discrepancy between that statement and its responses to American Oversight's requests for "records reflecting" post-April 9, 2025 text messages.

AMERICAN
**OVERSIGHT**

July 31, 2025

**VIA ONLINE PORTAL**

Department of Homeland Security
Privacy Office, Mail Stop 0655
2707 Martin Luther King Jr. Ave. SE
Washington, DC 20528
Via Online Portal

**Re: Freedom of Information Act Request**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the implementing regulations of your agency, American Oversight makes the following request for records.

Florida officials recently converted the Dade-Collier Training and Transition Airport into a temporary tent facility to detain immigrants, branding it "Alligator Alcatraz" because of the threat of wildlife in the surrounding Everglades.[1] There are significant concerns that this detention facility is inhospitable and poses threats to the welfare of detainees, as it is prone to flooding, comprises temporary tent structures in a High-Velocity Hurricane Zone, and is at a location with a high risk of mosquito-borne disease.[2] Despite Florida officials' claims that they created this facility at the request of the Trump Administration, the Department of Homeland Security (DHS) has argued in court filings that it "has not implemented, authorized, directed or funded" the detention facility.[3] American Oversight seeks records with the potential to shed light upon federal involvement in the planning and operations of the "Alligator Alcatraz" Everglades Detention Center facility.

**Requested Records**

American Oversight requests that your agency produce the following records within twenty business days:

---

[1] *See, e.g.,* Chelsea Bailey & Isabel Rosales, *'Alligator Alcatraz': What to Know About Florida's New Controversial Migrant Detention Facility*, CNN, July 2, 2025, https://www.cnn.com/2025/07/01/us/what-is-alligator-alcatraz-florida.
[2] *See, e.g.,* Naomi Lachance, *'Alligator Alcatraz' Detention Center Poses Risks to Immigrants Beyond Just Alligators*, Rolling Stone, July 5, 2025, https://www.rollingstone.com/politics/politics-news/alligator-alcatraz-immigrants-detention-risks-florida-1235379416/.
[3] *See, e.g.,* Syra Ortiz Blanes & Alex Harris, *Feds Move In Court to Distance Trump Administration From Alligator Alcatraz*, Miami Herald (July 3, 2025, 2:30 PM), https://www.miamiherald.com/news/local/immigration/article309936010.html.

1.  All email communications (including emails, email attachments, complete
    email chains, calendar invitations, and calendar invitation attachments) <u>sent
    by</u> any of the Department of Homeland Security officials listed below, and/or
    anyone communicating on their behalf, such as an assistant, secretary,
    and/or chief of staff, <u>and</u> containing any of the key terms listed below.

    <u>Department of Homeland Security Officials:</u>
    i.      Kristi Noem, Secretary
    ii.     Troy Edgar, Deputy Secretary
    iii.    Andrew Whitaker, Executive Secretary
    iv.     Joseph Mazzara, Acting General Counsel
    v.      Rob Law, Senior Advisor
    vi.     Tony Pham, Senior Advisor
    vii.    Philip Hegseth, Senior Advisor
    viii.   Corey Lewandowski, Special Government Employee
    ix.     Anyone serving as Chief of Staff

    <u>Key Terms:</u>
    a.      alligator
    b.      gator
    c.      Alcatraz
    d.      Everglades
    e.      "eminent domain"

    In an effort to accommodate your office and reduce the number of potentially
    responsive records to be processed and produced, American Oversight has
    limited part 1 of this request to emails <u>sent</u> by the specified individuals. To
    be clear, however, American Oversight still requests that complete email
    chains be produced, displaying both sent and received messages. This means
    that both an individual's response to an email and the initial received
    message are responsive to this request and should be produced.

2.  All text messages (including complete text message threads or
    conversations) or messages on messaging platforms (such as Signal, Slack,
    Mattermost, Wickr, GChat or Google Hangouts, Lync, Skype, X (formerly
    Twitter) direct messages, Facebook messages, WhatsApp, Telegram, or
    Parler) <u>sent or received</u> by any of the Department of Homeland Security
    officials listed above in part 1 <u>and</u> containing any of the key terms listed
    below.

    <u>Key Terms:</u>
    a.      alligator
    b.      gator
    c.      Alcatraz
    d.      Everglades
    e.      "eminent domain"

DHS-25-1864

**Ex. A - 9**

For text messages or messages on other messaging platforms, American Oversight requests that full text message threads/conversations be produced. For example, if an official sent or received a text message containing any of the key terms listed above, the complete thread/conversation for the timeframe listed below should be produced, and not just the message containing the key term.

**For parts 1-2 of this request, please provide all responsive records from June 1, 2025, through the date the search is conducted.**

## Fee Waiver Request

In accordance with 5 U.S.C. § 552(a)(4)(A)(iii) and your agency's regulations, American Oversight requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government, and the disclosures will likely contribute to a better understanding of relevant government procedures by the general public in a significant way. Moreover, the request is for non-commercial purposes.

American Oversight requests a waiver of fees because disclosure of the requested information is "in the public interest because it is likely to contribute significantly to public understanding of operations or activities of the government."[4] The public has a significant interest in the use of the Everglades Detention Center facility to detain immigrants.[5] Records with the potential to shed light on this matter would contribute significantly to public understanding of operations of the federal government, including the role and responsibilities of federal agencies and officials in operating the Everglades Detention Center facility. American Oversight is committed to transparency and makes the responses agencies provide to FOIA requests publicly available, and the public's understanding of the government's activities would be enhanced through American Oversight's analysis and publication of these records.

This request "is not primarily in the commercial interest of the requester."[6] In fact, as a 501(c)(3) nonprofit, American Oversight does not have a commercial purpose, and the release of the information requested is not in American Oversight's commercial interest. American Oversight's mission is to promote transparency in government, to educate the public about government activities, and to ensure the accountability of government officials. American Oversight uses the information gathered, and its analysis of it, to educate the public through reports, press releases, or other media. American Oversight

---

[4] 5 U.S.C. § 552(a)(4)(A)(iii).

[5] *See, e.g.*, Curt Anderson & Marta Lavandier, *Florida's 'Alligator Alcatraz' Detention Center Is Set to Receive Its First Group of Immigrants*, AP (July 2, 2025, 10:00 PM), https://apnews.com/article/alligator-alcatraz-immigration-79190c04f55db8f872a2a802093dc36e.

[6] 5 U.S.C. § 552(a)(4)(A)(iii).

DHS-25-1864

**Ex. A - 10**

also makes materials it gathers available on its public website and promotes their availability on social media platforms, such as Facebook and X (formerly Twitter).[7]

American Oversight has also demonstrated its commitment to the public disclosure of documents and creation of editorial content through regular substantive analyses posted to its website.[8] Examples reflecting this commitment include the posting of records related to the first Trump Administration's contacts with Ukraine and analyses of those contacts;[9] posting records and editorial content about the federal government's response to the COVID-19 pandemic;[10] posting records received as part of American Oversight's "Audit the Wall" project to gather and analyze information related to the first Trump administration's proposed construction of a barrier along the U.S.-Mexico border, and analyses of what those records reveal;[11] the posting of records related to an ethics waiver received by a senior Department of Justice attorney and an analysis of what those records demonstrated regarding the Department's process for issuing such waivers;[12] and posting records and analysis of federal officials' use of taxpayer dollars to charter private aircraft or use government planes for unofficial business.[13]

---

[7] American Oversight currently has approximately 16,000 followers on Facebook and 94,500 followers on X (formerly Twitter). American Oversight, Facebook, https://www.facebook.com/weareoversight/ (last visited July 30, 2025); American Oversight (@weareoversight), X (formerly Twitter), https://x.com/weareoversight (last visited July 30, 2025).

[8] *See generally Our Latest*, American Oversight, https://www.americanoversight.org/blog.

[9] *The Trump Administration's Contacts with Ukraine*, American Oversight, https://www.americanoversight.org/investigation/the-trump-administrations-contacts-with-ukraine.

[10] *See generally The Trump Administration's Response to Coronavirus*, American Oversight, https://www.americanoversight.org/investigation/the-trump-administrations-response-to-coronavirus; *see, e.g., CDC Calendars from 2018 and 2019: Pandemic-Related Briefings and Meetings*, American Oversight, https://www.americanoversight.org/cdc-calendars-from-2018-and-2019-pandemic-related-briefings-and-meetings.

[11] *See generally Audit the Wall*, American Oversight, https://www.americanoversight.org/investigation/audit-the-wall; *see, e.g., Audit the Wall: No Plans, No Funding, No Timeline, No Wall*, American Oversight, https://americanoversight.org/audit-the-wall-no-plans-funding-or-timeline-and-no-wall/.

[12] *DOJ Records Relating to Solicitor General Noel Francisco's Recusal*, American Oversight, https://www.documentcloud.org/documents/25544090-doj-records-relating-to-solicitor-general-noel-franciscos-recusal-american-oversight; *Francisco & the Travel Ban: What We Learned from the DOJ Documents*, American Oversight, https://www.americanoversight.org/francisco-the-travel-ban-what-we-learned-from-the-doj-documents.

[13] *See generally Swamp Airlines: Chartered Jets at Taxpayer Expense*, American Oversight, https://www.americanoversight.org/investigation/swamp-airlines-private-jets-taxpayer-expense; *see, e.g., New Information on Pompeo's 2017 Trips to His Home State*, American Oversight, https://www.americanoversight.org/new-information-on-pompeos-2017-trips-to-his-home-state.

DHS-25-1864

**Ex. A - 11**

Accordingly, American Oversight qualifies for a fee waiver.

**<u>Guidance Regarding the Search & Processing of Requested Records</u>**

In connection with its request for records, American Oversight provides the following guidance regarding the scope of the records sought and the search and processing of records:

- Please search all locations and systems likely to have responsive records, regardless of format, medium, or physical characteristics. For instance, if the request seeks "communications," please search all locations likely to contain communications, including relevant hard-copy files, correspondence files, appropriate locations on hard drives and shared drives, emails, text messages or other direct messaging systems (such as iMessage, WhatsApp, Signal, or X (formerly Twitter) direct messages), voicemail messages, instant messaging systems such as Lync or ICQ, and shared messages systems such as Slack.

- In conducting your search, please understand the terms "record," "document," and "information" in their broadest sense, to include any written, typed, recorded, graphic, printed, or audio material of any kind.

- Our request for records includes any attachments to those records or other materials enclosed with those records when they were previously transmitted. To the extent that an email is responsive to our request, our request includes all prior messages sent or received in that email chain, as well as any attachments to the email.

- Please search all relevant records or systems containing records regarding agency business. Do not exclude records regarding agency business contained in files, email accounts, or devices in the personal custody of your officials, such as personal email accounts or text messages. Records of official business conducted using unofficial systems or stored outside of official files are subject to the Federal Records Act and FOIA.[14] It is not adequate to rely on policies and procedures that require officials to move such information to official systems within a certain period of time; American Oversight has a right to records contained in those files even if material has not yet been moved to official systems or if officials have, by intent or through negligence, failed to meet their obligations.[15]

- Please use all tools available to your agency to conduct a complete and efficient search for potentially responsive records. Agencies are subject to government-

---

[14] *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145, 149–50 (D.C. Cir. 2016); *cf. Judicial Watch, Inc. v. Kerry*, 844 F.3d 952, 955–56 (D.C. Cir. 2016).
[15] *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, No. 14–cv–765, slip op. at 8 (D.D.C. Dec. 12, 2016).

DHS-25-1864

**Ex. A - 12**

wide requirements to manage agency information electronically,[16] and many agencies have adopted the National Archives and Records Administration (NARA) Capstone program, or similar policies. These systems provide options for searching emails and other electronic records in a manner that is reasonably likely to be more complete than just searching individual custodian files. For example, a custodian may have deleted a responsive email from his or her email program, but your agency's archiving tools may capture that email under Capstone. At the same time, custodian searches are still necessary; agencies may not have direct access to files stored in .PST files, outside of network drives, in paper format, or in personal email accounts.

- In the event some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. If a request is denied in whole, please state specifically why it is not reasonable to segregate portions of the record for release.

- Please take appropriate steps to ensure that records responsive to this request are not deleted by the agency before the completion of processing for this request. If records potentially responsive to this request are likely to be located on systems where they are subject to potential deletion, including on a scheduled basis, please take steps to prevent that deletion, including, as appropriate, by instituting a litigation hold on those records.

## Conclusion

If you have any questions regarding how to construe this request for records or believe that further discussions regarding search and processing would facilitate a more efficient production of records of interest to American Oversight, please do not hesitate to contact American Oversight. American Oversight welcomes an opportunity to discuss its request with you before you undertake your search or incur search or duplication costs. By working together at the outset, American Oversight and your agency can decrease the likelihood of costly and time-consuming litigation in the future.

Where possible, please provide responsive material in an electronic format by email. Alternatively, please provide responsive material in native format or in PDF format on a USB drive. Please send any responsive material being sent by mail to American Oversight, 1030 15th Street NW, Suite B255, Washington, DC 20005. If it will accelerate release of responsive records to American Oversight, please also provide responsive material on a rolling basis.

---

[16] Presidential Memorandum—Managing Government Records, 76 Fed. Reg. 75,423 (Nov. 28, 2011), https://obamawhitehouse.archives.gov/the-press-office/2011/11/28/presidential-memorandum-managing-government-records; Office of Mgmt. & Budget, Exec. Office of the President, Memorandum for the Heads of Executive Departments & Independent Agencies, "Managing Government Records Directive," M-12-18 (Aug. 24, 2012), https://www.archives.gov/files/records-mgmt/m-12-18.pdf.

DHS-25-1864

**Ex. A - 13**

We share a common mission to promote transparency in government. American Oversight looks forward to working with your agency on this request. If you do not understand any part of this request, please contact Danny Martinez at foia@americanoversight.org or (202) 897-2465. Also, if American Oversight's request for a fee waiver is not granted in full, please contact us immediately upon making such a determination.

Sincerely,

*/s/ Danny Martinez*
Danny Martinez
on behalf of
American Oversight

DHS-25-1864

**Ex. A - 14**

August 5, 2025

**SENT VIA E-MAIL TO:  foia@americanoversight.org**
American Oversight
1030 15th Street NW B255
Washington, District of Columbia 20005

**Re:  2025-HQFO-05730**

Dear Requester:

This letter acknowledges receipt of your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS), dated July 31, 2025, and to your request for a waiver of all assessable FOIA fees.  Our office received your request on July 31, 2025.  Specifically, you requested:

1. All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) sent by any of the Department of Homeland Security officials listed below, and/or anyone communicating on their behalf, such as an assistant, secretary, and/or chief of staff, and containing any of the key terms listed below.

Department of Homeland Security Officials:

i. Kristi Noem, Secretary
ii. Troy Edgar, Deputy Secretary
iii. Andrew Whitaker, Executive Secretary
iv. Joseph Mazzara, Acting General Counsel
v. Rob Law, Senior Advisor
vi. Tony Pham, Senior Advisor
vii. Philip Hegseth, Senior Advisor
viii. Corey Lewandowski, Special Government Employee
ix. Anyone serving as Chief of Staff

Key Terms:

a. alligator
b. gator
c. Alcatraz
d. Everglades
e. "eminent domain"

2. All text messages (including complete text message threads or conversations) or messages on messaging platforms (such as Signal, Slack, Mattermost, Wickr, GChat or Google Hangouts, Lync,

Skype, X (formerly Twitter) direct messages, Facebook messages, WhatsApp, Telegram, or Parler) sent or received by any of the Department of Homeland Security officials listed above in part 1 and containing any of the key terms listed below.

Key Terms:

a. alligator
b. gator
c. Alcatraz
d. Everglades
e. "eminent domain".

Timeframe: June 1, 2025, through the date the search is conducted.

Regarding **item 2** of requests, the Department of Homeland Security (DHS) Privacy Office is unable to conduct a search of text messages beyond April 9, 2025, as text message data generated after that date is no longer maintained.

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Consistent with 6 C.F.R. Part 5 § 5.5(a) of the DHS FOIA regulations, the Department processes FOIA requests according to their order of receipt. Although DHS' goal is to respond within 20 business days of receipt of your request, FOIA does permit a 10-day extension of this time period in certain circumstances under 6 C.F.R. Part 5 § 5.5(c). As your request seeks documents that will require a thorough and wide-ranging search, DHS will invoke a 10-day extension for your request pursuant to 6 C.F.R. Part 5 § 5.5(c). If you would like to narrow the scope of your request, please contact our office. We will make every effort to comply with your request in a timely manner.

You have requested a fee waiver. The DHS FOIA regulations at 6 C.F.R. Part 5 § 5.11(k) set forth six factors DHS must evaluate to determine whether the applicable legal standard for a fee waiver has been met: (1) Whether the subject of the requested records concerns "the operations or activities of the government," (2) Whether the disclosure is "likely to contribute" to an understanding of government operations or activities, (3) Whether disclosure of the requested information will contribute to the understanding of the public at large, as opposed to the individual understanding of the requester or a narrow segment of interested persons, (4) Whether the contribution to public understanding of government operations or activities will be "significant," (5) Whether the requester has a commercial interest that would be furthered by the requested disclosure, and (6) Whether the magnitude of any identified commercial interest to the requester is sufficiently large in comparison with the public interest in disclosure, that disclosure is primarily in the commercial interest of the requester.

Upon review of the subject matter of your request, and an evaluation of the six factors identified above, DHS has determined that it will conditionally grant your request for a fee waiver. The fee waiver determination will be based upon a sampling of the responsive documents received from the various DHS program offices as a result of the searches conducted in response to your FOIA request. DHS will, pursuant to DHS FOIA regulations applicable to non-commercial requesters,

provide two hours of search time and process the first 100 pages at no charge to you. If upon review of these documents, DHS determines that the disclosure of the information contained in those documents does not meet the factors permitting DHS to waive the fees, then DHS will at that time either deny your request for a fee waiver entirely, or will allow for a percentage reduction in the amount of the fees corresponding to the amount of relevant material found that meets the factors allowing for a fee waiver. In either case, DHS will promptly notify you of its final decision regarding your request for a fee waiver and provide you with the responsive records as required by applicable law.

In the event that your fee waiver is denied, and you determine that you still want the records, provisions of the FOIA allow us to recover part of the cost of complying with your request. We shall charge you for records in accordance with the DHS FOIA regulations as they apply to non-commercial requesters. As a non-commercial requester you will be charged for any search time and duplication beyond the free two hours and 100 pages mentioned in the previous paragraph. You will be charged 10 cents per page for duplication and search time at the per quarter-hour rate ($4.00 for clerical personnel, $7.00 for professional personnel, $10.25 for managerial personnel) of the searcher. In the event that your fee waiver is denied, we will construe the submission of your request as an agreement to pay up to $25.00. This office will contact you before accruing any additional fees.

We have queried the appropriate component(s) of DHS for responsive records. If any responsive records are located, they will be reviewed for determination of releasability. Please be assured that one of the analysts in our office will respond to your request as expeditiously as possible. We appreciate your patience as we proceed with your request.

Your request has been assigned reference number **2025-HQFO-05730**. Please refer to this identifier in any future correspondence. If you have any questions, or would like to discuss this matter, please feel free to contact this office at 1-866-431-0486 or 202-343-1743.

Sincerely,

Gregory Bridges
Director, Disclosure
Department of Homeland Security, Privacy Office



August 6, 2025

**Sent Via Secure Release**

Gregory Bridges
Director, Disclosure
Department of Homeland Security, Privacy Office

**Re: 2025-HQFO-05730 (AO Tracking No. DHS-25-1864)**

Dear Mr. Bridges:

We are in receipt of your August 5, 2025 response to our FOIA Request (2025-HQFO-05730, Tracking No. DHS-25-1864).

In your letter, you note that for item, 2, the DHS Privacy Office is unable to conduct a search of text messages beyond April 9, 2025, because "text message data generated after that date is no longer maintained." *See* Acknowledgment Letter at 2 (Aug. 5, 2025).

Can you clarify the above statement? As you are aware, text messages about agency business may be records subject to the Federal Records Act. Please clarify why text message data writ large is not being preserved, when it may be subject to preservation requirements. *See, e.g.* 44 U.S.C § 3101 et seq.

Regardless, we require that the custodians listed in Part 1 of conduct searches of their devices for responsive records for the five key terms requested. *See* FOIA Request at 2–3. The agency's maintenance of text message data on agency recordkeeping systems is immaterial, because responsive records may still exist on individual devices, and the agency has an obligation to search for them—via custodial searches if necessary.

Please do not hesitate to reach out should you have any questions about the above.

Sincerely,

*/s/ Danny Martinez*
Danny Martinez
on behalf of
American Oversight



# AMERICAN OVERSIGHT

August 21, 2025

**VIA ONLINE PORTAL**

Department of Homeland Security
Privacy Office, Mail Stop 0655
2707 Martin Luther King Jr. Ave. SE
Washington, DC 20528
Via Online Portal

**Re: Freedom of Information Act Request**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the
implementing regulations of your agency, 6 C.F.R. Part 5, American Oversight makes
the following request for records.

Trump Administration officials have reportedly used a modified version of Signal, TM
SGNL, when conducting government business to potentially comply with the Federal
Records Act, which requires that records be preserved.[1] American Oversight seeks
records with the potential to shed light on officials' use of text messages, Signal, or
other messaging platforms to conduct official government business, and the
preservation of those records.

**Requested Records**

American Oversight requests that the Department of Homeland Security (DHS)
produce the following records within twenty business days:

> Records reflecting all text messages or messages on messaging platforms (such
> as Signal, Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter)
> direct messages, Facebook messages, WhatsApp, Telegram, Parler, Mattermost,
> Wickr, TeleMessage, TM SGNL, or any app that can interface with an app such
> as those listed or otherwise borrow its technology) <u>sent or received by</u> the DHS
> officials listed below regarding official government business, and subsequently
> captured, retained, or preserved on official DHS systems.
>
> Capturing, retaining, and/or preserving messages includes, but is not limited to,
> any messages forwarded, copied and pasted, screenshotted, or otherwise
> documented on DHS systems in another form.

---

[1] *See, e.g.*, Chris Michael, *Photos Reveal Trump Cabinet Member Using Less-Secure Signal
App Knockoff*, The Guardian (May 2, 2025, 8:51 AM), https://www.theguardian.com/us-
news/2025/may/02/trump-cabinet-signal-chat-app.


1030 15th Street NW, Suite B255, Washington, DC 20005  |  AmericanOversight.org

**Ex. A - 19**

Department of Homeland Security Officials:
i.      Kristi Noem, Secretary
ii.     Troy Edgar, Deputy Secretary
iii.    Andrew Whitaker, Executive Secretary
iv.     Joseph Mazzara, Acting General Counsel
v.      Rob Law, Senior Advisor
vi.     Tony Pham, Senior Advisor
vii.    Philip Hegseth, Senior Advisor
viii.   Corey Lewandowski, Special Government Employee
ix.     Anyone serving as Chief of Staff

American Oversight requests that all images, videos, audio recordings, or other attachments regarding official government business shared via text message or messaging platforms and subsequently preserved on official DHS systems be produced in response to this request.

**Please provide all responsive records from July 1, 2025, through July 31, 2025.**

## Fee Waiver Request

In accordance with 5 U.S.C. § 552(a)(4)(A)(iii) and your agency's regulations, American Oversight requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government, and the disclosures will likely contribute to a better understanding of relevant government procedures by the general public in a significant way. Moreover, the request is for non-commercial purposes.

American Oversight requests a waiver of fees because disclosure of the requested information is "in the public interest because it is likely to contribute significantly to public understanding of operations or activities of the government."[2] The public has a significant interest in the Trump Administration's use of commercial messaging platforms to conduct government business.[3] Records with the potential to shed light on this matter would contribute significantly to public understanding of operations of the federal government, including whether, and to what extent, officials are preserving text messages through the use of TM SGNL or by other means. American Oversight is committed to transparency and makes the responses agencies provide to FOIA requests publicly available, and the public's understanding of the government's activities would be enhanced through American Oversight's analysis and publication of these records.

This request "is not primarily in the commercial interest of the requester."[4] In fact, as a 501(c)(3) nonprofit, American Oversight does not have a commercial purpose, and the release of the information requested is not in American Oversight's commercial interest. American Oversight's mission is to promote transparency in government, to educate the

---

[2] 5 U.S.C. § 552(a)(4)(A)(iii).
[3] *See supra* note 1.
[4] 5 U.S.C. § 552(a)(4)(A)(iii).

DHS-25-2072

**Ex. A - 20**

public about government activities, and to ensure the accountability of government officials. American Oversight uses the information gathered, and its analysis of it, to educate the public through reports, press releases, or other media. American Oversight also makes materials it gathers available on its public website and promotes their availability on social media platforms, such as Facebook and X (formerly Twitter).[5]

American Oversight has also demonstrated its commitment to the public disclosure of documents and creation of editorial content through regular substantive analyses posted to its website.[6] Examples reflecting this commitment include the posting of records related to the first Trump Administration's contacts with Ukraine and analyses of those contacts;[7] posting records and editorial content about the federal government's response to the COVID-19 pandemic;[8] posting records received as part of American Oversight's "Audit the Wall" project to gather and analyze information related to the first Trump administration's proposed construction of a barrier along the U.S.-Mexico border, and analyses of what those records reveal;[9] the posting of records related to an ethics waiver received by a senior Department of Justice attorney and an analysis of what those records demonstrated regarding the Department's process for issuing such waivers;[10] and posting records and analysis of federal officials' use of taxpayer dollars to charter private aircraft or use government planes for unofficial business.[11]

---

[5] American Oversight currently has approximately 16,000 followers on Facebook and 94,500 followers on X (formerly Twitter). American Oversight, Facebook, https://www.facebook.com/weareoversight/ (last visited Aug. 21, 2025); American Oversight (@weareoversight), X (formerly Twitter), https://x.com/weareoversight (last visited Aug. 21, 2025).

[6] *See generally Our Latest*, American Oversight, https://www.americanoversight.org/blog.

[7] *The Trump Administration's Contacts with Ukraine*, American Oversight, https://www.americanoversight.org/investigation/the-trump-administrations-contacts-with-ukraine.

[8] *See generally The Trump Administration's Response to Coronavirus*, American Oversight, https://www.americanoversight.org/investigation/the-trump-administrations-response-to-coronavirus; *see, e.g., CDC Calendars from 2018 and 2019: Pandemic-Related Briefings and Meetings*, American Oversight, https://www.americanoversight.org/cdc-calendars-from-2018-and-2019-pandemic-related-briefings-and-meetings.

[9] *See generally Audit the Wall*, American Oversight, https://www.americanoversight.org/investigation/audit-the-wall; *see, e.g., Audit the Wall: No Plans, No Funding, No Timeline, No Wall*, American Oversight, https://americanoversight.org/audit-the-wall-no-plans-funding-or-timeline-and-no-wall/.

[10] *DOJ Records Relating to Solicitor General Noel Francisco's Recusal*, American Oversight, https://www.documentcloud.org/documents/25544090-doj-records-relating-to-solicitor-general-noel-franciscos-recusal-american-oversight; *Francisco & the Travel Ban: What We Learned from the DOJ Documents*, American Oversight, https://www.americanoversight.org/francisco-the-travel-ban-what-we-learned-from-the-doj-documents.

[11] *See generally Swamp Airlines: Chartered Jets at Taxpayer Expense*, American Oversight, https://www.americanoversight.org/investigation/swamp-airlines-private-jets-

DHS-25-2072

**Ex. A - 21**

Accordingly, American Oversight qualifies for a fee waiver.

## Guidance Regarding the Search & Processing of Requested Records

In connection with its request for records, American Oversight provides the following guidance regarding the scope of the records sought and the search and processing of records:

- Please search all locations and systems likely to have responsive records, regardless of format, medium, or physical characteristics. For instance, if the request seeks "communications," please search all locations likely to contain communications, including relevant hard-copy files, correspondence files, appropriate locations on hard drives and shared drives, emails, text messages or other direct messaging systems (such as iMessage, WhatsApp, Signal, or X (formerly Twitter) direct messages), voicemail messages, instant messaging systems such as Lync or ICQ, and shared messages systems such as Slack.

- Our request for records includes any attachments to those records or other materials enclosed with those records when they were previously transmitted. To the extent that an email is responsive to our request, our request includes all prior messages sent or received in that email chain, as well as any attachments to the email.

- Please search all relevant records or systems containing records regarding agency business. Do not exclude records regarding agency business contained in files, email accounts, or devices in the personal custody of your officials, such as personal email accounts or text messages. Records of official business conducted using unofficial systems or stored outside of official files are subject to the Federal Records Act and FOIA.[12] It is not adequate to rely on policies and procedures that require officials to move such information to official systems within a certain period of time; American Oversight has a right to records contained in those files even if material has not yet been moved to official systems or if officials have, by intent or through negligence, failed to meet their obligations.[13]

- Please use all tools available to your agency to conduct a complete and efficient search for potentially responsive records. Agencies are subject to government-

---

taxpayer-expense; *see, e.g., New Information on Pompeo's 2017 Trips to His Home State*, American Oversight, https://www.americanoversight.org/new-information-on-pompeos-2017-trips-to-his-home-state.

[12] *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145, 149–50 (D.C. Cir. 2016); *cf. Judicial Watch, Inc. v. Kerry*, 844 F.3d 952, 955–56 (D.C. Cir. 2016).

[13] *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, No. 14–cv–765, slip op. at 8 (D.D.C. Dec. 12, 2016).

DHS-25-2072

**Ex. A - 22**

wide requirements to manage agency information electronically,[14] and many agencies have adopted the National Archives and Records Administration (NARA) Capstone program, or similar policies. These systems provide options for searching emails and other electronic records in a manner that is reasonably likely to be more complete than just searching individual custodian files. For example, a custodian may have deleted a responsive email from his or her email program, but your agency's archiving tools may capture that email under Capstone. At the same time, custodian searches are still necessary; agencies may not have direct access to files stored in .PST files, outside of network drives, in paper format, or in personal email accounts.

▪ In the event some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. If a request is denied in whole, please state specifically why it is not reasonable to segregate portions of the record for release.

▪ Please take appropriate steps to ensure that records responsive to this request are not deleted by the agency before the completion of processing for this request. If records potentially responsive to this request are likely to be located on systems where they are subject to potential deletion, including on a scheduled basis, please take steps to prevent that deletion, including, as appropriate, by instituting a litigation hold on those records.

## Conclusion

If you have any questions regarding how to construe this request for records or believe that further discussions regarding search and processing would facilitate a more efficient production of records of interest to American Oversight, please do not hesitate to contact American Oversight. American Oversight welcomes an opportunity to discuss its request with you before you undertake your search or incur search or duplication costs. By working together at the outset, American Oversight and your agency can decrease the likelihood of costly and time-consuming litigation in the future.

Where possible, please provide responsive material in an electronic format by email. Alternatively, please provide responsive material in native format or in PDF format on a USB drive. Please send any responsive material being sent by mail to American Oversight, 1030 15th Street NW, Suite B255, Washington, DC 20005. If it will accelerate release of responsive records to American Oversight, please also provide responsive material on a rolling basis.

---

[14] Presidential Memorandum—Managing Government Records, 76 Fed. Reg. 75,423 (Nov. 28, 2011), https://obamawhitehouse.archives.gov/the-press-office/2011/11/28/presidential-memorandum-managing-government-records; Office of Mgmt. & Budget, Exec. Office of the President, Memorandum for the Heads of Executive Departments & Independent Agencies, "Managing Government Records Directive," M-12-18 (Aug. 24, 2012), https://www.archives.gov/files/records-mgmt/m-12-18.pdf.

DHS-25-2072

**Ex. A - 23**

We share a common mission to promote transparency in government. American Oversight looks forward to working with your agency on this request. If you do not understand any part of this request, please contact Jessica Jensen at foia@americanoversight.org or (276) 293-9853 ext. 1033. Also, if American Oversight's request for a fee waiver is not granted in full, please contact us immediately upon making such a determination.

<div style="margin-left:2em">

Sincerely,

*/s/ Jessica Jensen*
Jessica Jensen
on behalf of
American Oversight

</div>

DHS-25-2072

**Ex. A - 24**

Thursday, August 21, 2025 at 5:02:18 PM Eastern Daylight Time

**Subject:** Department of Homeland Security FOIA 2025-HQFO-05951 Final Response
**Date:** Thursday, August 21, 2025 at 3:31:25 PM Eastern Daylight Time
**From:** foia@hq.dhs.gov
**To:** FOIA
**Category:** PRODUCTION

EXTERNAL SENDER

08/21/2025

American
Oversight
1030 15th Street NW B255
Washington, District of Columbia 20005

Re: 2025-HQFO-05951

Dear Requester:

This is the electronic final response to your Freedom of Information Act (FOIA) request to the Department of Homeland Security
(DHS), dated 8/21/2025, and received by this office on 8/21/2025. You are seeking Records reflecting all text messages or messages on messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter) direct messages, Facebook
messages, WhatsApp, Telegram, Parler, Mattermost, Wickr, TeleMessage, TM SGNL, or any app that can interface with an app such as those listed or otherwise borrow its technology) sent or received by the DHS officials listed below regarding official government
business, and subsequently captured, retained, or preserved on official DHS systems.

Department of Homeland Security Officials:
i. Kristi Noem, Secretary
ii. Troy Edgar, Deputy Secretary
iii. Andrew Whitaker, Executive Secretary
iv. Joseph
 Mazzara, Acting General Counsel
v. Rob Law, Senior Advisor
vi. Tony Pham, Senior Advisor
vii. Philip Hegseth, Senior Advisor
viii. Corey Lewandowski, Special Government Employee
ix. Anyone serving as Chief of Staff

Please provide all
 responsive records from July 1, 2025, through July 31, 2025..

Unfortunately, we were unable to locate or identify any responsive records, as DHS no longer has the capability to conduct a search of text messages.

While an adequate search was conducted,
you have the right to appeal this determination that no records exist within DHS Privacy Office that would be responsive to your request. Should you wish to do so, you must send an appeal and a copy of this letter, within 90 days of the date of this letter,
to: Privacy Office, Attn: FOIA Appeals, U.S. Department of Homeland Security, 2707 Martin Luther King Jr. Avenue, SE, Mail Stop 0655, Washington, D.C. 20528-0655, following the procedures outlined in the DHS FOIA regulations at 6 C.F.R. Part 5 § 5.5(e)(2).
Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS FOIA regulations are available at www.dhs.gov/foia.

If you need any further assistance or would like to discuss any aspect of your request, please contact the analyst
below who processed your request and refer to 2025-HQFO-05951. You may send an e-mail to foia@hq.dhs.gov, call 202-343-1743 or toll free 1-866-431-0486, or you may contact our FOIA Public Liaison in the same manner. Additionally, you have a right to reply
to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records
(which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact OGIS as follows: Office of Government Information Services, National Archives and Records
Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Provisions of FOIA allow DHS to charge for processing fees, up
to $25, unless you seek a waiver of fees. In this instance, because the cost is below the $25 minimum, there is no charge.

Regards,

DHS FOIA, Privacy Office
Department of Homeland Security
2707 Martin Luther King Jr. AVE SE
Mail Stop
 0655
Washington, DC 20528-0655
E-mail: foia@hq.dhs.gov
Visit our FOIA website https://www.dhs.gov/foia

Ex. A - 25

Thursday, August 21, 2025 at 5:07:31 PM Eastern Daylight Time

**Subject:** Department of Homeland Security FOIA 2025-HQFO-05952 Final Response
**Date:** Thursday, August 21, 2025 at 3:34:51 PM Eastern Daylight Time
**From:** foia@hq.dhs.gov
**To:** FOIA
**Category:** PRODUCTION

**EXTERNAL SENDER**

08/21/2025

American
Oversight
1030 15th Street NW B255
Washington, District of Columbia 20005

Re: 2025-HQFO-05952

Dear Requester:

This is the electronic final response to your Freedom of Information Act (FOIA) request to the Department of Homeland Security
(DHS), dated 07/31/2025, and received by this office on 8/21/2025. You are seeking All text messages or messages on messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter) direct messages,
Facebook, WhatsApp, Telegram, Parler, Mattermost, Wickr, TeleMessage, TM SGNL, or any app that can interface with an app such as those listed or otherwise borrow its technology) sent or received by the DHS officials listed below regarding official government business. Department
of Homeland Security Officials:
i. Kristi Noem, Secretary
ii. Troy Edgar, Deputy Secretary
iii. Andrew Whitaker, Executive Secretary
iv. Joseph Mazzara, Acting General Counsel
v. Rob Law, Senior Advisor
vi. Tony Pham, Senior Advisor
vii.
 Philip Hegseth, Senior Advisor
viii. Corey Lewandowski, Special Government Employee
ix. Anyone serving as Chief of Staff

Please provide all responsive records from July 1, 2025, through July 31, 2025.

Unfortunately, we were unable to locate
or identify any responsive records, as DHS no longer has the capability to conduct a search of text messages.

While an adequate search was conducted, you have the right to appeal this determination that no records exist within DHS Privacy Office that
would be responsive to your request. Should you wish to do so, you must send your appeal and a copy of this letter, within 90 days of the date of this letter, to: Privacy Office, Attn: FOIA Appeals, U.S. Department of Homeland Security, 2707 Martin Luther
King Jr. Avenue, SE, Mail Stop 0655, Washington, D.C. 20528-0655, following the procedures outlined in the DHS FOIA regulations at 6 C.F.R. Part 5 § 5.5(e)(2). Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS FOIA regulations
are available at www.dhs.gov/foia.

If you need any further assistance or would like to discuss any aspect of your request, please contact the analyst below who processed your request and refer to 2025-HQFO-05952. You may send an e-mail to foia@hq.dhs.gov,
call 202-343-1743 or toll free 1-866-431-0486, or you may contact our FOIA Public Liaison in the same manner. Additionally, you have a right to right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates
disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle
requests made under the Privacy Act of 1974. You may contact OGIS as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone
at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Provisions of FOIA allow DHS to charge for processing fees, up to $25, unless you seek a waiver of fees. In this instance, because the cost is below the $25 minimum, there is
no charge.

Regards,

DHS FOIA, Privacy Office
Department of Homeland Security
2707 Martin Luther King Jr. AVE SE
Mail Stop 0655
Washington, DC 20528-0655
E-mail: foia@hq.dhs.gov
Visit our FOIA website https://www.dhs.gov/foia

Ex. A - 26