UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY
AND ETHICS IN WASHINGTON,

            Plaintiff,

    v.                                                    Civil Action No. 25-3670 (TJK)

U.S. DEPARTMENT OF HOMELAND
SECURITY, et al.,

            Defendants.

## ANSWER

Defendant, the United States Department of Homeland Security ("DHS"), by and through

undersigned counsel, hereby answers the Complaint (ECF No. 1) filed by Plaintiff Citizens for

Responsibility and Ethics in Washington ("CREW") in this Freedom of Information Act ("FOIA")

case.[1]  Defendant denies all allegations in the Complaint, including the relief sought, except as

specifically admitted in this Answer. To the extent the Complaint refers to or quotes from external

documents, statutes, or other sources, Defendant may refer to such materials for their accurate and

complete contents in response; however, such references are not intended to be, and should not be

construed as, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff;

---

[1]       In the Complaint, Plaintiff also names the National Archives and Records Administration
("NARA"), Marco Rubio, in his official capacity as Acting Archivist of the United States, and
Krisit Noem, in her official capacity as Secretary of Homeland Security, as Defendants in this
action.  *See* ECF No. 1.  However, on January 25, 2026, Plaintiff filed a Notice of Voluntary
Dismissal of Counts One through Five of the Complaint.  *See* ECF No. 12.  Therein, Plaintiff stated
that, because all claims against Defendants NARA and Rubio were being dismissed, these
Defendants should be terminated as parties in the case.  *See id.*  Likewise, on January 28, 2026,
the parties stipulated to the dismissal of all claims against Defendant Noem, and advised that, as
such, Defendant Noem should likewise be terminated as a party in the case.  *See* ECF No. 13.

(b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant responds to the separately numbered paragraphs and requested relief in the Complaint as follows.

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF[2]

1.      Paragraph 1 consists of Plaintiff's characterization of this action, to which no response is required.

2.      Paragraph 2 consists of legal conclusions, to which no response is required.

3.      Paragraph 3 consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, denied.

4.      Paragraph 4 consists of Plaintiff's characterization of a FOIA response letter sent by DHS to another party, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, Defendant avers that the letter speaks for itself and is the best evidence of its contents, respectfully refer the Court to the letter, *see* ECF No. 1-2, at 15-17, for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

5.      Paragraph 5 consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, denied.

6.      Paragraph 6 consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, denied.

7.      Paragraph 7 consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, denied.

---

[2]      For ease of reference, Defendant's Answer replicates the headings contained in the Complaint, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.  Paragraph numbers correspond to those set forth in the Complaint.

8.      Paragraph 8 contains Plaintiff's characterization of this action and the relief sought, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested in this paragraph or to any relief whatsoever.

## JURISDICTION AND VENUE

9.      Paragraph 9 consists of Plaintiff's legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over the remaining counts against it in the Complaint, subject to the terms, conditions, and limitations of FOIA and pursuant to 28 U.S.C. § 1331.

10.      Paragraph 10 consists of Plaintiff's legal conclusions regarding venue, to which no response is required. To the extent a response is deemed required, Defendant admits only that this Court has venue over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

## PARTIES

11.      Paragraph 11 consists of Plaintiff's characterization of itself, to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and therefore they are denied.

12.      Paragraph 12 consists of Plaintiff's characterization of itself, to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and therefore they are denied.

13.      Paragraph 13 consists of Plaintiff's characterization of its prior and future FOIA requests to DHS, to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations concerning Plaintiff's future FOIA requests to DHS, and therefore they are denied.

14.    Paragraph 14 consists of Plaintiff's characterization of its FOIA requests, to which no response is required.  To the extent a response is deemed required, Defendant denies that DHS has admitted it is no longer searching or preserving electronic messaging data.

15.    Defendant admits that it is a federal agency as defined by FOIA.  The remaining allegations contained in Paragraph 15 consist of legal conclusions, to which no response is required.

16.    Plaintiff has dismissed all claims against Kristi Noem, in her official capacity as Secretary of Homeland Security.  *See* ECF No. 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

17.    Plaintiff has dismissed all claims against NARA.  *See* ECF No. 12.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

18.    Plaintiff has dismissed all claims against Marco Rubio, in his official capacity as Acting Archivist of the United States.  *See* ECF No. 12.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

## LEGAL FRAMEWORK

### The Freedom of Information Act

19.    Paragraph 19 consists of legal conclusions, not allegations of fact, and thus no response is required.

20.    Paragraph 20 consists of legal conclusions, not allegations of fact, and thus no response is required.

21.    Paragraph 21 consists of legal conclusions, not allegations of fact, and thus no response is required.

22.    Paragraph 22 consists of legal conclusions, not allegations of fact, and thus no response is required.

23.    Paragraph 23 consists of legal conclusions, not allegations of fact, and thus no response is required.

24.    Paragraph 24 consists of legal conclusions, not allegations of fact, and thus no response is required.

25.    Paragraph 25 consists of legal conclusions, not allegations of fact, and thus no response is required.

26.    Paragraph 26 consists of legal conclusions, not allegations of fact, and thus no response is required.

27.    Paragraph 27 consists of legal conclusions, not allegations of fact, and thus no response is required.

28.    Paragraph 28 consists of legal conclusions, not allegations of fact, and thus no response is required.

29.    Paragraph 29 consists of legal conclusions, not allegations of fact, and thus no response is required.

30.    Paragraph 30 consists of legal conclusions, not allegations of fact, and thus no response is required.

### *The Federal Records Act*

31.    Plaintiff has dismissed all its claims alleging violations of the Federal Records Act ("FRA").  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly,

the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

32.     Plaintiff has dismissed all its claims alleging violations of the FRA.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

33.     Plaintiff has dismissed all its claims alleging violations of the FRA.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

34.     Plaintiff has dismissed all its claims alleging violations of the FRA.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

35.     Plaintiff has dismissed all its claims alleging violations of the FRA.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

36.     Plaintiff has dismissed all its claims alleging violations of the FRA.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

37.     Plaintiff has dismissed all its claims alleging violations of the FRA.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

38.     Plaintiff has dismissed all its claims alleging violations of the FRA.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

39.     Plaintiff has dismissed all its claims alleging violations of the FRA.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

40.     Plaintiff has dismissed all its claims alleging violations of the FRA.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

41.     Plaintiff has dismissed all its claims alleging violations of the FRA.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

42.     Plaintiff has dismissed all its claims alleging violations of the FRA.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in

this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

43.    Plaintiff has dismissed all its claims alleging violations of the FRA.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

44.    Plaintiff has dismissed all its claims alleging violations of the FRA.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

*The Administrative Procedure Act*

45.    Plaintiff has dismissed all its Administrative Procedure Act ("APA") claims in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

46.    Plaintiff has dismissed all its APA claims in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

47.    Plaintiff has dismissed all its APA claims in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

48.     Plaintiff has dismissed all its APA claims in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

49.     Plaintiff has dismissed all its APA claims in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

50.     Plaintiff has dismissed all its APA claims in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

51.     Plaintiff has dismissed all its APA claims in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

***Mandamus***

52.     Plaintiff has dismissed all its Mandamus Act claims in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

53.     Plaintiff has dismissed all its Mandamus Act claims in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

## FACTUAL ALLEGATIONS

54.     To the extent the allegations in Paragraph 54 seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure ("Rule") 12(f).

55.     To the extent the allegations in Paragraph 55 seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

56.     To the extent the allegations in Paragraph 56 seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.

To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

57.    To the extent the allegations in Paragraph 57 seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

58.    To the extent the allegations in Paragraph 58 seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

59.    To the extent the allegations in Paragraph 54 seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth

claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

60.     To the extent the allegations in Paragraph 60 seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

### DHS's Failure to Preserve and Search Electronic Messaging Records

61.     Plaintiff has dismissed all its FRA, APA, and Mandamus claims in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.  To the extent a response is deemed required, admitted.

62.     Plaintiff has dismissed all its FRA, APA, and Mandamus claims in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.  To the extent a response is deemed required, Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and therefore they are denied.

63.     Plaintiff has dismissed all its FRA, APA, and Mandamus claims in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.  To the extent a response is deemed required, denied.

64.    Plaintiff has dismissed all its FRA, APA, and Mandamus claims in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.  To the extent a response, Defendant avers that the referenced letter speaks for itself and is the best evidence of its contents, respectfully refer the Court to the letter, *see* ECF No. 1-2, at 15-17, for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

65.    Plaintiff has dismissed all its FRA, APA, and Mandamus claims in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.  To the extent a response is deemed required, denied.

66.    Plaintiff has dismissed all its FRA, APA, and Mandamus claims in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.  To the extent a response is deemed required, Defendant avers that the referenced email speaks for itself and is the best evidence of its contents, respectfully refer the Court to the email, *see* ECF No. 1-2, at 25-26, for a complete and accurate statement of their contents, and denies any allegations inconsistent therewith.

67.    Plaintiff has dismissed all its FRA, APA, and Mandamus claims in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.  To the extent a response is deemed required, denied.

68.     Plaintiff has dismissed all its FRA, APA, and Mandamus claims in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.  To the extent a response is deemed required, Defendant avers that the referenced letters speak for themselves and are the best evidence of their contents, respectfully refer the Court to the letters, *see* ECF No. 1-2, at 3-7, for a complete and accurate statement of their contents, and denies any allegations inconsistent therewith.

69.     Plaintiff has dismissed all its FRA, APA, and Mandamus claims in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.  To the extent a response is deemed required, Defendant avers that the referenced letter speaks for itself and is the best evidence of its contents, respectfully refers the Court to the letter, *see* ECF No. 1-2, at 1-2, for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

70.     Plaintiff has dismissed all its FRA, APA, and Mandamus claims in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.  To the extent a response is deemed required, Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and therefore they are denied.

71.     Plaintiff has dismissed all its FRA, APA, and Mandamus claims in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.  To the extent a response is deemed required, Defendant avers that the

referenced letter speaks for itself and is the best evidence of its contents, respectfully refers the Court to the letter, *see* ECF No. 1-3, for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

72.     Plaintiff has dismissed all its FRA, APA, and Mandamus claims in this action. *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13. Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

73.     Plaintiff has dismissed all its FRA, APA, and Mandamus claims in this action. *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13. Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required. To the extent a response is deemed required, Defendant denies that it has unlawful electronic messaging policies or practices.

74.     Plaintiff has dismissed all its FRA, APA, and Mandamus claims in this action. *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13. Accordingly, the allegations in this paragraph no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required. To the extent a response is deemed required, admitted.

***CREW's September 12, 2025 Expedited FOIA Request to DHS***

75.     Admitted.

76.     To the extent the allegations in Paragraph 76 seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth

claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

77.    To the extent the allegations in Paragraph 77 seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

78.    To the extent the allegations in Paragraph 78 seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

79.    To the extent the allegations in Paragraph 79 seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

80.     Paragraph 80 consists of Plaintiff's quotation from and characterization of its FOIA request, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendant avers that the FOIA request speaks for itself and is the best evidence of its contents, respectfully refers the Court to the FOIA request, see ECF No. 1-5, for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

81.     Paragraph 81 consists of Plaintiff's quotation from and characterization of its FOIA request, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendant avers that the FOIA request speaks for itself and is the best evidence of its contents, respectfully refers the Court to the FOIA request, see ECF No. 1-5, for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

82.     Paragraph 82 consists of Plaintiff's quotation from and characterization of its FOIA request, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendant avers that the FOIA request speaks for itself and is the best evidence of its contents, respectfully refers the Court to the FOIA request, see ECF No. 1-5, for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

83.     Paragraph 83 consists of Plaintiff's characterization of its FOIA request, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendant avers that the FOIA request speaks for itself and is the best evidence of its contents, respectfully refers the Court to the FOIA request, see ECF No. 1-5, for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

84.     Paragraph 84 consists of Plaintiff's characterization of its FOIA request and quotation from a DHS website, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendant avers that the FOIA request and website speak for

themselves and are the best evidence of their contents, respectfully refers the Court to each for a complete and accurate statement of their contents, and denies any allegations inconsistent therewith.

85.    Admitted.

86.    Paragraph 86 consists of Plaintiff's quotation from and characterization of its FOIA request, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendant avers that the FOIA request speaks for itself and is the best evidence of its contents, respectfully refers the Court to the FOIA request, see ECF No. 1-5, for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

87.    Paragraph 87 consists of Plaintiff's quotation from and characterization of its FOIA request, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendant avers that the FOIA request speaks for itself and is the best evidence of its contents, respectfully refers the Court to the FOIA request, see ECF No. 1-5, for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

88.    Admitted.

89.    Admitted.

90.    Admitted.

***Other Pending CREW FOIA Requests Implicated by DHS's Unlawful Electronic Messaging Policy or Practice***

91.    Plaintiff has dismissed Count Five in this action, which alleged an unlawful policy or practice.  *See* ECF No. 12 (dismissing Counts I through V of the Complaint).  Because the allegations in Paragraph 91 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.  To the extent

a response is deemed required, Defendant refers the Court to the Plaintiff's referenced FOIA requests, *see* ECF No. 1-4, for a full and accurate representation of those requests.

92.     Plaintiff has dismissed Count Five in this action, which alleged an unlawful policy or practice.  *See* ECF No. 12 (dismissing Counts I through V of the Complaint).  Because the allegations in Paragraph 92 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.  To the extent a response is deemed required, Defendant refers the Court to the Plaintiff's referenced FOIA requests, *see* ECF No. 1-4, for a full and accurate representation of those requests.

93.     Plaintiff has dismissed Count Five in this action, which alleged an unlawful policy or practice.  *See* ECF No. 12 (dismissing Counts I through V of the Complaint).  Because the allegations in Paragraph 93 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

## CLAIM FOR RELIEF

### Count One
### Violation of APA – Agency Action Contrary to Law
### (5 U.S.C. § 706; 44 U.S.C. §§ 2911, 3106; 36 C.F.R. §§ 1220.34, 1222.22-34)

94.     Plaintiff has dismissed Count One in this action.  *See* ECF No. 12 (dismissing Counts I through V of the Complaint).  Because the allegations in Paragraph 94 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

95.     Plaintiff has dismissed Count One in this action.  *See* ECF No. 12 (dismissing Counts I through V of the Complaint).  Because the allegations in Paragraph 95 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

96.    Plaintiff has dismissed Count One in this action.  *See* ECF No. 12 (dismissing Counts I through V of the Complaint).  Because the allegations in Paragraph 96 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

97.    Plaintiff has dismissed Count One in this action.  *See* ECF No. 12 (dismissing Counts I through V of the Complaint).  Because the allegations in Paragraph 97 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

98.    Plaintiff has dismissed Count One in this action.  *See* ECF No. 12 (dismissing Counts I through V of the Complaint).  Because the allegations in Paragraph 98 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

### Count Two
### Violation of APA – Arbitrary and Capricious Agency Action
### (5 U.S.C. § 706)

99.    Plaintiff has dismissed Count Two in this action.  *See* ECF No. 12 (dismissing Counts I through V of the Complaint).  Because the allegations in Paragraph 99 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

100.    Plaintiff has dismissed Count Two in this action.  *See* ECF No. 12 (dismissing Counts I through V of the Complaint).  Because the allegations in Paragraph 100 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

101.    Plaintiff has dismissed Count Two in this action.  *See* ECF No. 12 (dismissing Counts I through V of the Complaint).  Because the allegations in Paragraph 101 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

102.    Plaintiff has dismissed Count Two in this action.  *See* ECF No. 12 (dismissing Counts I through V of the Complaint).  Because the allegations in Paragraph 102 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

103.    Plaintiff has dismissed Count Two in this action.  *See* ECF No. 12 (dismissing Counts I through V of the Complaint).  Because the allegations in Paragraph 103 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

104.    Plaintiff has dismissed Count Two in this action.  *See* ECF No. 12 (dismissing Counts I through V of the Complaint).  Because the allegations in Paragraph 104 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

## Count Three
### Violation of APA – Agency Action Unlawfully Withheld
### (5  U.S.C. § 706; 44 U.S.C. §§ 2905, 3106)

105.    Plaintiff has dismissed Count Three in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Because the allegations in Paragraph 105 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

106.    Plaintiff has dismissed Count Three in this action. *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Because the allegations in Paragraph 106 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

107.    Plaintiff has dismissed Count Three in this action. *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Because the allegations in Paragraph 107 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

108.    Plaintiff has dismissed Count Three in this action. *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Because the allegations in Paragraph 108 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

109.    Plaintiff has dismissed Count Three in this action. *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Because the allegations in Paragraph 109 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

110.    Plaintiff has dismissed Count Three in this action. *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Because the allegations in Paragraph 110 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

111.    Plaintiff has dismissed Count Three in this action. *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Because the allegations in Paragraph 111 are in

furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

112.    Plaintiff has dismissed Count Three in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Because the allegations in Paragraph 112 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

**Count Four**
**Mandamus – Failure to Initiate a Record Recovery Action**
**(28 U.S.C. § 1361; 44 U.S.C. §§ 2905, 3106)**

113.    Plaintiff has dismissed Count Four in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Because the allegations in Paragraph 113 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

114.    Plaintiff has dismissed Count Four in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Because the allegations in Paragraph 114 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

115.    Plaintiff has dismissed Count Four in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Because the allegations in Paragraph 115 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

116.    Plaintiff has dismissed Count Four in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Because the allegations in Paragraph 116 are in

furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

117.    Plaintiff has dismissed Count Four in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Because the allegations in Paragraph 117 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

118.    Plaintiff has dismissed Count Four in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Because the allegations in Paragraph 118 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

119.    Plaintiff has dismissed Count Four in this action.  *See* ECF Nos. 12 (dismissing Counts I through V of the Complaint) & 13.  Because the allegations in Paragraph 119 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

**Count Five**
**Violation of FOIA – Policy or Practice of Violating FOIA**
**(5 U.S.C. § 552; 6 C.F.R. § 5.9)**

120.    Plaintiff has dismissed Count Five in this action.  *See* ECF No. 12 (dismissing Counts I through V of the Complaint).  Because the allegations in Paragraph 120 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

121.    Plaintiff has dismissed Count Five in this action.  *See* ECF No. 12 (dismissing Counts I through V of the Complaint).  Because the allegations in Paragraph 121 are in furtherance

of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

122.    Plaintiff has dismissed Count Five in this action.  *See* ECF No. 12 (dismissing Counts I through V of the Complaint).  Because the allegations in Paragraph 122 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

123.    Plaintiff has dismissed Count Five in this action.  *See* ECF No. 12 (dismissing Counts I through V of the Complaint).  Because the allegations in Paragraph 123 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

124.    Plaintiff has dismissed Count Five in this action.  *See* ECF No. 12 (dismissing Counts I through V of the Complaint).  Because the allegations in Paragraph 124 are in furtherance of that Count, these allegations no longer set forth a claim for relief or aver facts in support of a claim, and thus no response is required.

**Count Six**
**Violation of FOIA – Wrongful Denial of Expedited Processing**
**(5 U.S.C. § 552; 6 C.F.R. [§] 5.5(e)(1)(iv))**

125.    Paragraph 125 realleges and incorporates the preceding paragraphs in the Complaint as if fully stated therein.  Defendant likewise repeats and incorporates as if fully stated herein its responses to the preceding paragraphs.

126.    Paragraph 126 consists of legal conclusions, to which no response is required.  To the extent a response is required, denied.

127.    Paragraph 127 consists of legal conclusions, to which no response is required.  To the extent a response is required, denied.

128.     Paragraph 128 consists of legal conclusions, to which no response is required.  To the extent a response is required, denied.

129.     Paragraph 129 consists of Plaintiff's characterization of itself, to which no response is required.  To the extent a response is deemed required, Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and therefore they are denied.

130.     Paragraph 130 consists of legal conclusions, to which no response is required.  To the extent a response is required, denied.

131.     Paragraph 131 consists of legal conclusions, to which no response is required.  To the extent a response is required, denied.

**Count Seven**
**Violation of FOIA – Wrongful Withholding of Records**
**(5 U.S.C. § 552)**

132.     Paragraph 132 realleges and incorporates the preceding paragraphs in the Complaint as if fully stated therein.  Defendant likewise repeats and incorporates as if fully stated herein its responses to the preceding paragraphs.

133.     Paragraph 133 consists of legal conclusions, to which no response is required.  To the extent a response is required, denied.

134.     Paragraph 134 consists of legal conclusions, to which no response is required.  To the extent a response is required, denied.

135.     Paragraph 135 consists of legal conclusions, to which no response is required.  To the extent a response is required, denied.

136.     Paragraph 136 consists of legal conclusions, to which no response is required.  To the extent a response is required, denied.

## REQUESTED RELIEF

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## <u>DEFENSES</u>

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendant through the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to FOIA or the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's request for relief that exceeds the relief authorized under FOIA. In particular, FOIA does not provide for declaratory relief against a federal agency.

## THIRD DEFENSE

Defendant has exercised due diligence in processing Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to search for and process records, if any, responsive to Plaintiff's FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

**FOURTH DEFENSE**

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs.

**FIFTH DEFENSE**

Defendant has not improperly withheld records requested by Plaintiff under FOIA.

**SIXTH DEFENSE**

Plaintiff's request fails to comply with the requirements of FOIA to the extent the request fails to reasonably describe the records sought or present an unreasonably burdensome effort upon Defendant to search for, review, redact, and release any responsive records.

**SEVENTH DEFENSE**

Plaintiff is not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**EIGHTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).

\*      \*      \*

**NINTH DEFENSE**

Plaintiff failed to exhaust administrative remedies, including by failing to administratively appeal its request for expedited processing of its FOIA request.


Dated: February 2, 2026                    Respectfully submitted,


                                           JEANINE FERRIS PIRRO
                                           United States Attorney

                                           By:    */s/ William Thanhauser*
                                                  WILLIAM THANHAUSER
                                                  D.C. Bar No. 1737034
                                                  Assistant United States Attorney
                                                  601 D Street, N.W.
                                                  Washington, D.C. 20530
                                                  (202) 252-7706
                                                  William.Thanhauser@usdoj.gov

                                           *Attorneys for the United States of America*